# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-611V
Filed: July 6, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| REBECCA STONE, | * | |
| | * | |
| | * | |
| Petitioner, | * | |
| | * | Attorneys' fees and costs decision; |
| v. | * | respondent does not object |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Peter J. Sarda, Raleigh, NC, for petitioner.
Gordon E. Shemin, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 15, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act") alleging that she suffered acute disseminated encephalomyelitis ("ADEM"), postural orthostatic tachycardia syndrome ("POTS"), seizures, and myelopathy as a result of her receipt of an influenza ("flu") vaccine on October 23, 2012. Pet. at ¶¶ 2, 7, 8, 10, 15, 19, 21. On April 11, 2016, the undersigned issued a decision dismissing the case for failure to make a prima facie case of causation in fact.

On July 6, 2016, petitioner filed an Unopposed Motion for Attorneys' Fees and Costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Petitioner requests $19,882.65 in attorneys' fees and costs.    In compliance with General Order #9, petitioner's counsel states that petitioner incurred no out-of-pocket expenses in pursuing her claim. On July 6, 2016, respondent's counsel confirmed that respondent has no objections to the award of $19,882.65 in attorneys' fees and costs.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).    It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim."    Id.    Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's Unopposed Motion for Attorneys' Fees and Costs.

**Accordingly, the undersigned awards the total amount of $19,882.65** as a lump sum in the form of a check payable jointly to petitioner and Creech Law Firm, P.A.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 6, 2016                                                           s/ Laura D. Millman
                                                                                      Laura D. Millman
                                                                                       Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.